WARREN COUNTY ORPHANS COURT.

IN THE MATTER OF THE ESTATE OF PALMER T. HELLER, DECEASED.

Decided May 10, 1940.

For the executor, *William P. Tallman.*

For the heirs-at-law, *Lewis S. Beers.*

For the next of kin, *James B. Maddock, Jr.*

ROSECRANS, C. P. J.   The question involved arises upon an application for distribution, and the meaning of the sixth paragraph of the decedent's will is the subject-matter in dispute.   It reads as follows:

"I give, bequeath and devise all the rest, residue and remainder of my estate to such person or persons who would by law inherit the same; and direct that my executor hereinafter named shall convert my said estate to cash and I hereby empower and authorize him to sell my real and personal property and to sign and execute a deed or deeds for my said real estate to the purchaser or purchasers."

It is contended for the heirs-at-law that this paragraph is a mandate to the executor to apportion the residue consisting of proceeds from sale of real estate among the heirs-at-law while the next of kin seek a distribution of such residue limited to them.   Was there an equitable conversion?   If so, the residue should be distributed to those entitled to the per-

sonalty. If no such conversion was effected the proceeds would retain the status of realty and descend to the heirs-at-law.

"The court's main concern is not so much what the testator meant to say as it is to determine what he meant by what he did say." *New Jersey Title Guarantee, &c., Co.* v. *Dailey,* 123 *N. J. Eq.* 205, 210; 196 *Atl. Rep.* 703.

Where, in a will, words have been omitted which are obviously necessary to express the real meaning, it is the duty of the court to supply such omitted words. *Maxwell* v. *Maxwell,* 122 *N. J. Eq.* 247, 251; 193 *Atl. Rep.* 719. It would seem that by adding after the semi-colon the words, "and for this purpose," the real intent of the testator would be apparent. The language of Vice-Ordinary Backes in *Traverso* v. *Traverso,* 99 *N. J. Eq.* 514, 519; 133 *Atl. Rep.* 705; *affirmed, sub nom.* *Traverso* v. *McMillen,* 101 *N. J. Eq.* 308; 137 *Atl. Rep.* 919, is apropos:

"The testator's idea was that the division of the *corpus* should be in liquid assets, and to that end directed that all his real estate be sold for the purpose of distribution, and under well-recognized principles the proceeds are deemed to be personal property."

Under the title "Equitable Conversion" the following statement of the law is set forth in *A. L. I., Restatmeent-Trusts* 332, § 131:

"(1) If real property is held in trust and by the terms of the trust a duty is imposed upon the trustee to sell it and hold the proceeds in trust or distribute the proceeds, the interest of the beneficiary is personal property."

(See "Illustrations" No. 3, under that section.)

Of course, an executor is not a trustee but they are both fiduciaries (*A. L. I. Restatement-Trusts,* § 6) and the same principle of equitable conversion would apply.

Since there is a specific direction that the executor shall convert the remainder of the estate into cash, the proceeds of the realty will be deemed to be personal property and the entire residue should be distributed to the next of kin of the testator pursuant to the statute governing distribution of personalty.

Let a decree be presented by the executor accordingly.